IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVIA McCARTER, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL CASE NO. H-10-1512 |
| § | | |
| RESCAR INDUSTRIES, INC., § | | |
| *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Sylvia McCarter's Motion for Remand and for Costs [Doc. # 7], to which Defendants Rescar Industries, Inc. ("Rescar") and Randy Ward filed a Response [Doc. # 11]. Plaintiff delivered a courtesy copy of a Reply, but did not file it on the Court's Electronic Case Filing system. The Court conducted a hearing on the Motion to Remand on July 20, 2010. Thereafter, Plaintiff filed a Supplemental Brief [Doc. # 21], Defendants filed a Sur-Response [Doc. # 23], and Plaintiff filed a Sur-Reply [Doc. # 26]. Having considered the full record and the applicable legal authorities, the Court concludes that Defendant Randy Ward was improperly joined as a defendant and that Plaintiff waived any objection to the removal of a workers' compensation claim. Consequently, the Court **denies** the Motion to Remand.

## I.    BACKGROUND

Plaintiff is a wrongful death beneficiary of Lee Otis Ryans, who was an employee of Rescar. Plaintiff alleges that Ryans, in connection with his employment for Rescar, was helping move a railcar when it derailed and pinned him between two railcars. *See* Original Complaint [Doc. # 1-1], p. 2.[1] Ryans died from the injuries he sustained in the accident.

Plaintiff filed this lawsuit in Texas state court. It is undisputed that Rescar is a Nevada corporation with its principal place of business in Illinois. It is further undisputed that Ward is a citizen and resident of Texas. Rescar filed a timely Notice of Removal [Doc. # 1], asserting that Ward was improperly joined and, as a result, his citizenship should not be considered in the diversity jurisdiction analysis.

Plaintiff filed a Motion for Remand [Doc. # 7], in which she argues only that Ward was not improperly joined, and Defendants filed their Response in opposition to remand. The Court conducted a hearing, following which Plaintiff was allowed to file an Amended Complaint in an attempt to allege a factual basis for a claim against

---

[1] After the case was removed, Plaintiff filed an Amended Complaint [Doc. # 15] and a Second Amended Complaint [Doc. # 29]. An amended complaint filed post-removal cannot, however, divest the Court of jurisdiction that existed at the time of removal. *See Cavallini v. State Farm*, 44 F.3d 256, 259-60 (5th Cir. 1995).

Ward. The parties filed supplemental briefing, and the Motion is now ripe for decision.

## II.     REMOVAL OF WORKERS' COMPENSATION CLAIM

Cases that arise under the Workers' Compensation Act may not be removed to federal court. *See* 28 U.S.C. § 1445(c). The removal of a workers' compensation claim, however, is merely a defect in the removal procedure and any objection to removal on that basis is waived if not asserted within thirty (30) days of removal. *Williams v. AC Spark Plugs*, 985 F.2d 783, 787-88 & n.9 (5th Cir. 1993).

In this case, Defendants filed the Notice of Removal on April 30, 2010, and the Supplemental Notice of Removal on May 27, 2010. In her Motion to Remand, filed May 11, 2010, Plaintiff did not object to removal based on the non-removability of workers' compensation claims. Plaintiff first raised the § 1445(c) bar to removal in her unfiled Reply, dated July 20, 2010, more than thirty days after the April 30 Notice of Removal and more than thirty days after the May 27 Supplemental Notice of Removal. Having failed to object to removal pursuant to § 1445(c), Plaintiff waived the objection.

Plaintiff argues that she did not waive the § 1445(c) non-removability provision, citing *Patin v. Allied Signal, Inc.*, 77 F.3d 782 (5th Cir. 1996). The plaintiff in *Patin*, however, raised the "substantive concept embodied in § 1445(c) – non-

removability of claims arising under state workmen's compensation laws" in the timely-filed motion to remand. *See id.* at 786. Plaintiff in the case at bar made no mention in her Motion to Remand that worker's compensation claims are non-removable. As a result, Plaintiff's reliance on *Patin* in misplaced and unavailing. The Court concludes that Plaintiff waived the § 1445(c) bar to removal by failing to raise the objection within thirty days of removal.

### III. IMPROPER JOINDER ANALYSIS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Defendants assert that Ward was improperly joined and that, as a result, the Court should disregard his Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or the removing defendant demonstrates that plaintiff cannot establish a cause of action against the non-diverse defendant. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Generally, if the plaintiff could survive a Rule 12(b)(6) challenge, joinder is not improper. *See Smallwood*, 385 F.3d at 573.

Defendants argue that Plaintiff has no reasonable basis for recovery against Ward, and therefore that Ward was improperly joined, because Ward did not owe Ryans any duty apart from Rescar's nondelegable duty to provide a safe workplace, relying primarily on *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).[2] In *Leitch*, the Texas Supreme Court noted that the employer has a nondelegable duty to provide its employees with a safe workplace. *Id.* The Texas Supreme Court held that an injured plaintiff, therefore, has no cause of action against the employer's individual agent unless the individual agent owed the plaintiff an independent duty separate and apart from the employer's duty. *Id.* As an example of such an independent duty, the Texas Supreme Court noted that an employer's agent who is driving an automobile "owes a duty of reasonable care to the general public." *Id.*

In the case at bar, however, Plaintiff does not allege any facts from which an independent duty owed by Ward to Ryans would arise. Plaintiff alleges in both the Original Complaint and the Amended Complaint that Ward was acting in the course and scope of his employment as Rescar's agent. Plaintiff alleges that Ward owed

---

[2] Defendants also argue that Plaintiff has no reasonable basis for recovery against Ward because any claims against Ward are barred by the Texas Workers' Compensation Act. The Court has carefully considered the statutory language and concludes that it does not clearly preclude gross negligence claims against a supervisor or other fellow employee. Because the Court finds that Plaintiff fails to allege facts that support an independent duty owed by Ward to Ryans, the Court declines to decide Defendants' alternate argument regarding whether § 408.001(b) precludes gross negligence claims against any party other than the employer itself.

Ryans a duty to ensure a safe work environment, and she alleges only acts and omissions that are related to workplace safety. It is clearly established Texas law, however, that the duty to provide a safe workplace is nondelegable and, absent some other independent duty owed by the employer's agent, a plaintiff has no reasonable basis to recover against the agent based on an alleged failure to provide a safe work environment and not on an independent duty owed by the agent to the injured employee. *Id.*

Having considered the factual allegations in the Original Complaint and the Amended Complaint, the Court concludes that Texas law would preclude a finding of individual liability against Ward. Consequently, the Court holds that Ward was improperly joined. Because Ward was improperly joined, the Court does not consider his citizenship in determining whether there is complete diversity among the parties. Plaintiff is a citizen of Texas and Defendant Rescar is a Nevada corporation with its principal place of business in Illinois. Because there is complete diversity between Plaintiff and Rescar, and because the amount in controversy exceeds this Court's minimum jurisdictional amount, the Court has subject matter jurisdiction and remand is denied.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Defendant has satisfied its heavy burden to establish that Ward was improperly joined as a defendant in this case. As a result, the Court disregards Ward's citizenship and concludes that there is subject matter jurisdiction based on the complete diversity between Plaintiff and Rescar. The Court also concludes that Plaintiff waived any objection to the removal of a claim based on the Workers' Compensation Act. Consequently, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 7] is **DENIED**.

SIGNED at Houston, Texas, this 27th day of **September, 2010**.

Nancy F. Atlas
United States District Judge