UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVIA McCARTER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1512 |
| | § | |
| RESCAR INDUSTRIES, INC. and | § | |
| RANDY WARD, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion for Leave to Amend
Complaint [Doc. # 34] ("Motion to Amend"), seeking leave to file an amended
complaint adding new parties as defendants to this lawsuit. Defendants have filed a
Response in Opposition [Doc. # 41] ("Response") and Plaintiff has replied [Doc. # 44]
("Reply"). The Court has reviewed the full record in this case. Based on this review
and the application of governing legal authorities, the Court **grants** the Motion to
Amend and, pursuant to 28 U.S.C. § 1447(e), **remands** this case to Texas state court.

## I.    BACKGROUND

Plaintiff is a wrongful death beneficiary of Lee Otis Ryans, who was an
employee of Rescar Industries, Inc. ("Rescar"). Plaintiff alleges that Ryans, in
connection with his employment for Rescar, was helping move a railcar when it

derailed and pinned him between two railcars.  *See* Original Complaint [Doc. # 1-1], p. 2.[1]  Ryans died from the injuries he sustained in the accident.

Plaintiff filed this lawsuit in Texas state court.  It is undisputed that Defendant Rescar is a Nevada corporation with its principal place of business in Illinois.  It is further undisputed that Defendant Randy Ward ("Ward") is a citizen and resident of Texas.  Rescar filed a timely Notice of Removal [Doc. # 1], asserting that Ward was improperly joined and, as a result, his citizenship should not be considered in the diversity jurisdiction analysis.  Plaintiff filed a Motion for Remand [Doc. # 7], in which she argued that Ward was not improperly joined.  In a Memorandum and Order dated September 27, 2010 [Doc. # 30], the Court denied Plaintiff's Motion to Remand, finding that Ward had been improperly joined.

This case is before the Court on Plaintiff's Motion for Leave to Amend Complaint [Doc. # 34] ("Motion to Amend").  On September 16, 2010, Plaintiff filed her Second Amended Complaint [Doc. # 29], which added Joseph Taylor ("Taylor") and Track Builders ("Track Builders") as defendants to this lawsuit.  It is undisputed that Track Builders is a foreign corporation with its principal place of business in Pennsylvania.  It is further undisputed that Taylor is a citizen and resident of Texas.

---

[1]     After the case was removed, Plaintiff filed an Amended Complaint [Doc. # 15] and a Second Amended Complaint [Doc. # 29].

On September 30, 2010, Plaintiff filed the instant Motion to Amend, seeking clarification of whether leave to amend was necessary with respect to her Second Amended Complaint.  On October 4, 2010, the Court held a telephone hearing on this matter [Doc. # 35] and held that the Second Amended Complaint was deemed filed as to Track Builders, but not as to in-state defendant Taylor.[2]  The Court took under advisement Plaintiff's Motion to Amend as it applied to Taylor.  That issue has been fully briefed and is now ripe for decision.

## II.   ANALYSIS

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Where, as here, a plaintiff moves to add a defendant that would destroy jurisdiction, the Court must balance the original defendant's interests in maintaining the case in federal court with the competing interests of not having parallel lawsuits in two jurisdictions.  *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005).  "For example, the court should consider the extent to which the purpose of the amendment

---

[2]     At this hearing, Plaintiff also abandoned her claims against Randy Ward in light of the Court's ruling on September 27, 2010.

is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* The district court, with input from the moving plaintiff and the original defendant, should then balance the equities and decide whether the proposed amendment should be allowed. *Hensgens*, 833 F.2d at 1182.

There is no indication that Plaintiff in her Motion to Amend is merely attempting to defeat federal subject matter jurisdiction. Plaintiff seeks to add a party who, accepting Plaintiff's allegations as true for purposes of the joinder analysis, has potential liability for Plaintiff's injuries.[3] Plaintiff alleges that Taylor was the "Conductor" and was operating the railcars that ultimately crushed the decedent.[4] The Texas Supreme Court has held that individual liability of corporate agents "arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). As an example of such an independent duty, the Texas Supreme Court noted that an employer's agent who is driving an automobile "owes a duty of reasonable

---

[3]    The fact that Plaintiff discussed seeking to join the engine operator in conjunction with her prior Motion to Remand does not, contrary to Defendant's arguments, suggest otherwise.

[4]    *See* Doc. # 29, ¶ 16.

care to the general public."  *Id.*  Plaintiff's Second Amended Complaint makes specific allegations against Taylor that relate to his duty to operate the railcar with reasonable care.  These allegations are distinct from Plaintiff's allegations against Rescar to provide a safe workplace.[5]

Plaintiff filed her Motion to Amend and her Second Amended Complaint in a timely manner.  The deadline for joining new parties was October 29, 2010.[6]  Plaintiff filed her Second Amended Complaint on September 16, 2010, three weeks after learning of Taylor's identity[7] and well before these deadlines.

---

[5]   *See id.* ("Defendant Taylor owed a duty to Decedent Ryans to ensure the railcars were moved in a safe [sic].  Defendant Taylor was made aware of numerous dangerous conditions that existed . . . but nevertheless proceeded to operate the engine in question and move various railcars on tracks that were known to be defective and dangerous . . . .").

[6]   *See* Scheduling Order, Doc. # 14.

[7]   Defendants did not disclose Taylor's identity until their Supplemental Initial Disclosures, which were sent to Plaintiff August 26, 2010.  *See* First Supplemental Initial Disclosures of Defendants, Doc. # 44, Exh. B, at 2.  In this document, Defendants identified Taylor as a "switch-crew member."  *See id.*  Plaintiff only learned Taylor was operating the railcars on September 7, 2010, when Defendants filed their Second Supplemental Disclosures.  *See* Plaintiff's Reply, Doc. # 44, at 5. Although Defendants continued to list Taylor as a "switch-crew member," Defendants produced a May 7, 2009 OSHA report detailing Mr. Taylor's role as the conductor/operator.  *Id.*; *see also* Second Supplemental Initial Disclosures of Defendants, Doc. # 44, Exh. C and attachments.

The Court is not persuaded by Defendants' argument that Plaintiff knew or should have known Taylor's identity or his role in the incident prior to these disclosures.  Decedent Ryans's widow cannot be penalized in this case for not having ascertained

(continued...)

Plaintiff will suffer significant prejudice if she is not permitted to join Taylor as a defendant in this case.  If joinder were denied, Plaintiff will be forced to sue Taylor in state court.  These lawsuits will waste judicial resources, increase the expense and inconvenience for all parties, and risk inconsistent decisions on discovery, liability, and other issues.

The relevant factors strongly favor allowing Plaintiff to join Taylor as a defendant.  There is nothing to indicate Plaintiff is simply trying to defeat jurisdiction.  The delay in Plaintiff's Motion to add Taylor is attributable to Defendants' failure to disclose Taylor's identity in its original Rule 26(a) initial disclosures.  As a result, notwithstanding the fact that joinder of Taylor will defeat jurisdiction and require remand, the Court concludes that the Motion to Amend should be granted.

## IV.   CONCLUSION AND ORDER

Plaintiff filed a timely Motion to Amend seeking to add an additional defendant whose joinder would destroy diversity.  Joinder of the additional defendant is important to Plaintiff.  These and other considerations heavily favor joinder of Taylor as a defendant in this case.  Because joinder of the non-diverse defendant destroys this

---

[7]      (...continued)
Taylor's name from decedent's co-employees.

Court's subject matter jurisdiction, the case will be remanded pursuant to 28 U.S.C. § 1447(e).  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 34] is **GRANTED** and Plaintiff's Second Amended Complaint [Doc. # 29] is deemed filed as to Defendant Taylor.

The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this **15**[th] day of **November, 2010**.

Nancy F. Atlas
United States District Judge